IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GLEN DAVID BROWN, Jr., and**                                                          **PLAINTIFFS**
**GINA BROWN**

v.                                              CIVIL ACTION NO.: 3:23-cv-3074-KHJ-MTP

**TENNESSEE STEEL HAULERS, LLC**                                              **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on the parties' Joint Motion for Extension of Time to Complete Discovery and to Extend All Other Pending Deadlines, Including Trial [68]. Even though three case management orders have been entered in this matter,[1] the parties yet again request a continuance. In the Motion [68], the parties say that they have a scheduled mediation set for March 27, 2025, and "[i]t is anticipated that the parties will participate in good faith to reach a resolution of this matter." [68] at 1. But, failing a fruitful mediation, the parties say that they "will require additional time to finalize outstanding discovery matters and to depose designated experts." *Id*.

Amendment of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). The Court finds that the parties have failed to demonstrate good cause. Indeed, the mere possibility that the parties may, or may not, settle this case at some future time is too speculative for this Court to base a decision to extend the deadlines a *fourth* time on that basis alone. *See Moreno v. Poverty Point Produce, Inc.*, 243 F.R.D. 275, 276 (S.D. Tex. 2007).

---

[1] *See* Orders [21] [43] [50]. This not including other extensions of the parties' expert designation deadlines. *See* Orders [52] [59] [63].

Moreover, a review of the docket confirms that the parties have received ample time to conduct and complete discovery in this matter. The parties do not explain why they cannot finalize outstanding discovery requests prior to the March 3, 2025, discovery deadline—which has been extended on three occasions. And, if the parties have chosen to delay discovery by avoiding costs in hopes of settling this matter, the caselaw is clear that such aspirations do not warrant good cause to amend the scheduling order. *See, e.g., Rivera v. Cnty. of Willacy*, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007).

IT IS, THEREFORE, ORDERED that Joint Motion for Extension of Time to Complete Discovery and to Extend All Other Pending Deadlines, Including Trial [68] is DENIED.

SO ORDERED, this the 28th day of February, 2025.

s/Michael T. Parker<br>
United States Magistrate Judge